LETTS, Judge.
We are of the opinion that several issues of material fact remain unresolved in this case which precludes the entry of a summary judgment. We, therefore, reverse.
The trial court predicated its ruling on the sole ground that the owner’s engineer-supervisor specifically approved the plans, specifications and the actual construction of a new building. As the trial judge reasoned, the approval released the general contractor from any and all liability, notwithstanding a myriad of alleged latent defects, negligent construction and failure to properly perform under the building contract.
However, the holding ignored the following:
1. That the circumstances surrounding, and indeed the very existence of, the approval are hotly disputed.
2. That latent defects are alleged to exist, which were not discoverable until after completion and which, under the terms of the contract, would survive approval.
3. That the written contract provided for warranties and guarantees of workmanship' which allegedly would not be extinguished by approval. Said contract also set forth certain conditions under which approval could be later withdrawn.
This particular author has complained before about appellate courts being too trigger-happy when it comes to reversing summary judgments. See Phillips v. Hartford Casualty Insurance Company, 373 So.2d 415 (Fla. 4th DCA 1979). However, if ever there was a summary judgment which required reversal this is it. Both the trial judge and the appellee cite City National Bank of Miami v. Chitwood Construction Co., 210 So.2d 234 (Fla. 3d DCA 1968), but there are not enough facts set forth in that opinion for us to formally disapprove it. However, if the Third District would find it controlling in the case now before us, we would strongly disagree and find conflict.
REVERSED AND REMANDED.
LEE, J. CAIL, Associate Judge, concurs.
DOWNEY, J., concurs in result only, without opinion.